

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 15 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| JENNIFER DANIELS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. # 31232 |
| | § | |
| MERCHANTS ASSOCIATION | § | JURY TRIAL DEMANDED |
| COLLECTION DIVISION, INC. d/b/a | § | |
| MAF Collection Services | § | 3-09CV-909-R |

COMPLAINT

## JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA") Venue lies in the Dallas Division of the Northern District of Texas as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## PARTIES

2. Plaintiff, Jennifer Daniels, is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA and 15 U.S. C. §1692a(3). Plaintiff is a resident and citizen of the State of Texas.

3. Defendant, Merchants Association Collection Division, Inc. is a corporation organized under the laws of the State of Florida and may be served with process by serving its registered agent for service of process: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

## FACTUAL ALLEGATIONS

4. On or about July, 2008, Plaintiff mailed a written dispute to Experian of two accounts being reported by Defendant on Plaintiff's credit report.

5. Defendant mailed a letter to Plaintiff, dated July 24, 2008 in which it stated it was

verifying the account.

6. Defendant mailed a letter to Plaintiff, dated July 29, 2008, claiming to have concluded its review of Plaintiff's dispute in accordance with the Fair Credit Reporting Act, and verified the account.

7. Defendant mailed a letter to Plaintiff, dated July 30, 2008, attempting to collect an alleged debt owed to Tallahassee Memorial Hospital from Plaintiff.

8. Defendant mailed a letter to Plaintiff, dated August 1, 2008, claiming that it could not conduct an investigation because Plaintiff did not supply sufficient information.

9. Defendant mailed a letter to Plaintiff, dated August 4, 2008, claiming that the balance sought to be collected remains due.

10. On September 30, 2008, Defendant sent a communication to Plaintiff, claiming it had 7 separate accounts to collect from Plaintiff. Defendant would not identify the accounts to Plaintiff.

11. Plaintiff does not owe the medical debts attempting to be collected by Defendant.

12. Despite the written dispute, the inaccurate debts continue to be reported on Plaintiff's credit report.

13. Knowing the accounts were disputed, Defendant sold the account(s) to a different debt collector/debt buyer.

14. The first notice Plaintiff had of the alleged debts Defendant was trying to collect from Plaintiff, was the entry on her credit report.

## CAUSES OF ACTION

### COUNT I

15. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

15. MAF Collection Services violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the MAF Collection Services representation within Plaintiff's credit file with one or more

credit reporting agencies; by failing to fully and property investigate the Plaintiff's dispute of the MAF Collection Services representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the MAF Collection Services representations to the consumer reporting agencies.

15. As a result of this conduct, action and inaction of MAF Collection Services the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

16. MAF Collection Services's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C.§1681o.

17. The Plaintiff is entitled to recover costs and attorney fees from MAF Collection Services in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

## COUNT II

18. Defendant MAF Collection Services is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a(6).

19. The conduct described above constitutes clear violations of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq and 1692e, by failing to set forth, in its written communications with Plaintiff, the statements and notices required 15 U.S.C.§1692g(a)(1)-(5).

20. Defendant MAF Collection Services has violated 15 U.S. C.§1692g(a) by failing to, within 5 days of its initial communication with the debtor (its report on Plaintiff's credit report) send Plaintiff a written notice setting forth the requirements of 15 U.S.C.§1692g(1)-(5).

36. Defendant has violated 15 U.S.C.§1692e(2)(A) by falsely representing that Defendant owes the alleged debt..

37. Defendant has violated 15. U.S.C.§1692g by failing to validate the debt.

39. Defendant has violated 15 U.S.C.§1692g(b) by failing to note the account as disputed on Plaintiff's credit report, following receipt of Plaintiff's written dispute.

40. Defendant has violated 15 U.S.C.§1692g by continuing to collect the debt, without verifying the debt, after Plaintiff disputed the debt.

41. Defendant's actions outlined above were undertaken wilfully with the deliberate intention of inflicting injury upon Plaintiff and with knowledge of the probable results of its actions. In the alternative, Defendant's actions constituted reckless and heedless disregard of Plaintiff's rights, welfare, and personal well being and resulted from the conscious indifference of Defendant to Plaintiff's rights, welfare and safety.

## COUNT III

42. Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully set out herein.

43. In violation of Tex.Fin.Code §392.101, the Defendant engaged in debt collection in Texas without first obtaining a surety bond (as required by Tex.Fin.Code §392.101) and filing a copy thereof with the Texas Secretary of State.

44. .In violation of Tex. Fin.Code §392.301(a)(8) the Defendant threatened to take (and/or did take) an action prohibited by law.

45. In violation of Tex. Fin.Code §392.303(a)(12), Defendant misrepresented that a consumer debt may be increased by the addition of attorney's fees, or other charges if a written contract or statute does not authorize the additional fees or charges.

## COUNT IV

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above.

47. Pursuant to Tex. Fin.Code §392.404, the Defendant's violations of the Texas Debt Collection Practices Act also constitute a deceptive trade practice, Subchapter E, Chapter 17, Business

and Commerce Code ("DTPA"), and is actionable under that chapter.

48. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relation

49. The foregoing acts and omissions of the Defendants were undertaken wilfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

50. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity of rights of the Plaintiff.

51. By reason of the allegations in this petition, the Texas Debt Collection Practices Act and Fair Debt Collection Practices Act, , Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorney fees as provided by 15 U.S.C.§1681n & o, 15 U.S.C.§1692k(a) and/or Tex. Fin.Code Ann. §392.403.

2. Grant such further relief as deemed just.

3. Pre and post-judgment interest as allowed by law:

**TRIAL BY JURY IS DEMANDED.**

                                          Respectfully submitted,

                                          */s/ Sharon Campbell*
                                          Sharon K. Campbell
                                          State Bar # 03717600
                                          3100 Monticello Ave., Suite 500
                                          Dallas, Texas 75205
                                          Telephone: 214/351-3260
                                          Fax: 214/265-7626
                                          Sharon@SharonKCampbell.com

✱JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jennifer Daniels

**DEFENDANTS**
Merchants Association Collection Division, Inc. d/b/a MAF Collection Services

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

3-09CV-909-P

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sharon K. Campbell
3100 Monticello Ave., Suite 500

Attorneys (If Known)

*[FILED MAY 15 2009 CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS stamp]*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1681 and 15 U.S.C.1692 - Fair Credit Reporting Act & Fair Debt Collection Practices Act
Brief description of cause:
failure to conduct reasonable investigation of alleged debt, continuing to collect debt not due, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5-15-09  SIGNATURE OF ATTORNEY OF RECORD *Sharon Campbell*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____